

07 CV 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BROAD-BUSSEL FAMILY LIMITED
PARTNERSHIP and CAROLINE B. GLASS,
Individually and on Behalf of All Other
Persons and Entities Similarly Situated,

        Plaintiffs,

vs.

HENNESSEE GROUP LLC,
ELIZABETH LEE HENNESSEE, and
CHARLES J. GRADANTE,

        Defendants.

CIVIL ACTION NO. _____

CLASS ACTION

JURY TRIAL DEMANDED

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE

Plaintiffs Broad-Bussel Family Limited Partnership ("Broad-Bussel") and Caroline B. Glass ("Glass") (collectively, the "Plaintiffs"), individually and on behalf of all other persons and entities similarly situated (the "Class"), respectfully submit this memorandum of law in support of their motion to consolidate this litigation with the related action pending in this Court, Broad-Bussel Family Limited Partnership, et al. v. Bayou Group LLC, et al., 06 CV 3026 (CM) (S.D.N.Y.) (McMahon, J.) ("*Broad-Bussel I*"). *Broad-Bussel I* is pending before this Court as part of the multidistrict litigation In re Bayou Hedge Fund Investment Litigation, MDL 1755 (CM) (S.D.N.Y.) (McMahon, J.).

For the reasons that follow, this litigation should be consolidated with *Broad-Bussel I*.

## **PERTINENT FACTS**

Like *Broad-Bussel I*, this litigation is filed by investors who invested in hedge funds operated by one or more various Bayou entities (the "Bayou Hedge Funds" or "Funds").[1] Plaintiff Broad-Bussel and other plaintiffs originally filed *Broad-Bussel I* in the U.S. District Court for the District of Connecticut. On motion of plaintiff Broad-Bussel and the other plaintiffs in *Broad-Bussel I*, however, *Broad-Bussel I* was transferred for pretrial proceedings by Order of the Judicial Panel on Multidistrict Litigation (the "MDL Panel") on April 18, 2006 to this Court, in accordance with 28 U.S.C. § 1407, which was then presiding over certain other Bayou-related cases.[2]

Plaintiffs in *Broad-Bussel I* allege, in sum, that Samuel Israel, III ("Israel") and Daniel Marino ("Marino"), two of Bayou's principals, used Bayou to fraudulently lure investors to

---

[1]   The "Bayou Hedge Funds" include Bayou Super Fund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, Bayou Accredited Fund, LLC, Bayou Offshore Fund, LLC, Bayou Fund, LLC, Bayou Group LLC, Bayou Management LLC, Bayou Securities LLC, Bayou Securities, LTD, Bayou Partners LLC, Bayou Advisors, LLC, Bayou Equities, LLC, Bayou Offshore Fund A, LTD; Bayou Offshore Fund B, LTD, Bayou Offshore Fund C, LTD, Bayou Offshore Fund D, LTD, Bayou Offshore Fund E, LTD, Bayou Offshore Fund F, LTD, Bayou Offshore Master Fund, LTD, IM Partners, and IMG, LLC.

[2]   These other related cases include Commodity Futures Trading Commission v. Bayou Management, LLC, et al., No. 7:05-cv-08374-CM (S.D.N.Y.); SEC v. Samuel Israel III, No. 7:05-cv-8376-CM (S.D.N.Y.); United States of America v. All Assets Of Bayou Accredited Fund, LLC, et al., No. 7:05-cv-07722-CM (S.D.N.Y.); USA v. Marino, No. 05-cr-01036-CM (S.D.N.Y.); USA v. Israel III, No. 05-cr-01039-CM (S.D.N.Y.); and Gleason v. Bayou Management, LLC, et al., No. 05-cv-8532-CM (S.D.N.Y.).

As a result of the MDL Panel's transfer order, *Broad-Bussel I* and the following additional cases were transferred to this Court: Jewish Federation of Metropolitan Chicago v. Bayou Management, LLC, No. 06-cv-3025-CM (S.D.N.Y.); DePauw University v. Hennessee Group, L.L.C., et al., No. 06-cv-3028-CM (S.D.N.Y.); and Travis Co. Joint Venture et al v. Hennessee Group, LLC, et al., No. 06-cv-11328-CM (S.D.N.Y.).

2

invest hundreds of millions of dollars in the Bayou Hedge Funds through a scheme of improper acts and blatant misrepresentations regarding the Funds' financial results, operations and personnel. Plaintiffs in *Broad-Bussel I* also allege that several other defendants, including James Marquez, Richmond-Fairfield Associates, CPA, Jeffrey Fotta, Eqyty Research and Management, LLC, and Eqyty Research and Management, Ltd., also participated in the Bayou fraud and are liable to the Plaintiffs.[3]

Broad-Bussel also in *Broad-Bussel I* sued Hennessee Group LLC ("Hennessee"), Elizabeth Lee Hennessee ("Elizabeth Hennessee") and Charles J. Gradante ("Gradante") (collectively, the "Hennessee Defendants"). The Hennessee Defendants are engaged in the hedge fund and financial advisory business. Broad-Bussel sued the Hennessee Defendants on behalf of itself individually and on behalf of a subclass of investors who allege they were injured by investing in Bayou as a result of advice from the Hennessee Defendants.[4] Plaintiff Broad-Bussel asserted that the Hennessee Defendants advised the Plaintiff subclass to invest in Bayou in violation of the Connecticut Unfair Trade Practices Act, the Investment Advisers Act of 1940, and state law.

In its ruling of January 19, 2007, this Court dismissed on jurisdictional grounds all of the claims against Hennessee Group, and dismissed in part and sustained in part the claims against

---

[3] This Court dismissed the claims in *Broad-Bussel I* against defendants Citibank N.A, Faust Rabbach & Oppenheim LLP and Steven Oppenheim. See Broad Bussel Family L.P., et al. v. Bayou Group, LLC, et al., Case No. 06 Civ. 3026 (CM) (MDF), slip op. (S.D.N.Y. Sept. 6, 2006) (McMahon, J.); Broad Bussel Family L.P., et al. v. Bayou Group, LLC, et al., Case No. 06 Civ. 3026 (CM) (MDF), 2007 LEXIS 5275 (S.D. N.Y. Jan. 18, 2007) (McMahon, J.).

[4] The other plaintiffs in *Broad-Bussel I* did not invest in Bayou as a result of advice from the Hennessee Defendants.

3

defendants Elizabeth Hennessee and Gradante. In dismissing the claims against Hennessee Group for lack of jurisdiction, the Court held as follows:

> There is undoubted jurisdiction over The Hennessee Group, as well as the individual [Hennesssee] defendants, here in New York ... If Plaintiffs choose to refile their action against Hennessee Group in this court (which means that it will not be remanded for trial in Connecticut after discovery, but will remain here for final adjudication), then everyone will be before a single court. Or plaintiffs could choose to bring a separate action against Hennessee Group in this court (leaving their claims against Bayou in the Connecticut action) – which I would ***immediately consolidate with the MDL proceeding for pre-trial purposes.***
>
> In the end, I imagine that the class plaintiffs will manage to find a way to consolidate their claims against the Hennessee Defendants in a single court. And I imagine that they will.

Broad-Bussel Family L.P., et al. v. Bayou Group, LLC, et al., Case No. 06 Civ. 3026 (CM) (MDF), 2007 U.S. Dist. LEXIS 4072, at *16-17 (S.D.N.Y. Jan. 19, 2007) (McMahon, J.) (emphasis added).

Following the Court's January 19, 2007 ruling, Broad-Bussel and another investor which invested in Bayou as a result of the advice of the Hennessee Defendants, Caroline Glass, commenced this litigation in this Court against the Hennessee Defendants. Plaintiffs' Complaint, a copy of which is attached as Exhibit A, is brought by Plaintiffs individually and on behalf of all investors who were injured by investing in any of the Bayou Hedge Funds as a result of the financial advice of the Hennessee Defendants. Plaintiffs assert the same claims against the Hennessee Defendants as were asserted in *Broad-Bussel I*, with the exception that Plaintiffs bring no claim(s) under the Connecticut Unfair Trade Practices. A copy of the amended complaint filed and currently pending in *Broad-Bussel I* is attached as Exhibit B.

4

Plaintiffs now move to consolidate this action with the *Broad-Bussel I* under Fed.R.Civ.P. 42(a). The Court should grant Plaintiffs' motion because this action and *Broad-Bussel I* involve common questions of law and fact relating to Bayou's scheme of luring investors to invest hundreds of millions of dollars in the Bayou Hedge Funds through a series of improper acts and blatant misrepresentations regarding the Fund's financial results. By consolidating these actions, the Court will conserve judicial resources, eliminate the risk of potentially inconsistent adjudications of common factual or legal issues, and lessen the burden on relevant parties and witnesses.

## ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

In general, "[t]rial courts have 'broad discretion to determine whether consolidation is appropriate.'" B.D. v. DeBuono, 193 F.R.D. 117, 141 (S.D.N.Y. 2000) (McMahon, J.) (quoting Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990)). Factors relevant to a court's deciding to consolidate related actions include:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude the multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. (internal/citations omitted).

Similarly, Southern District of New York Local Rule 15(a) of the Rules for the Division of Business Among District Judges provides as follows:

> [A] civil case will be deemed related to one or more other civil cases and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economic conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served. Without intending to limit the criteria considered by the judges of this court in determining relatedness, a congruence of parties or witnesses or the likelihood of a consolidated or joint trial or joint pre-trial discovery may be deemed relevant.[5]

As a threshold matter, courts routinely grant requests to consolidate related actions that, as here, share common legal or factual issues and where doing so will conserve judicial resources. See, e.g., DeBuono, 193 F.R.D. at 141-43 (granting plaintiffs' motion to consolidate three separate individual lawsuits both for pre-trial and trial proceedings, where the actions involved many of the same defendants, similar factual circumstances, and similar legal claims); Best Payphones, Inc. v. New York City, Case No. 01-CV-3934 (JG) (KAM), 2006 U.S. Dist. LEXIS 22410, at *6-7 (S.D.N.Y. Mar. 29, 2006) (permitting plaintiff to consolidate his multiple legal actions against defendant New York City and other defendants; "Common factual and legal questions arise in all the related actions. The gravamen of the complaints in each of the related Best Payphones actions is the assertion that the City of New York has discriminated against Best

---

[5] Pursuant to Local Rule 15(a) of the Rules for the Division of Business Among District Judges, Plaintiffs have noted on the Civil Cover Sheet filed with their Complaint in this action that this action should be consolidated with *Broad-Bussel I*.

Payphones in its regulation of public pay telephones."); Walker v. Deutsche Bank, AG, Case No. 04 Civ. 1921 (DAB), 2005 U.S. Dist LEXIS 19776, at *7 (S.D.N.Y. Sept. 6, 2005) (consolidating multiple class action lawsuits filed against the same defendants for securities fraud); Ocean Ships, Inc. v. Stiles, Case No. 00 Civ. 5469 (RCC), 2003 U.S. Dist. LEXIS 20876, at *7-9 (S.D.N.Y. Nov. 19, 2003) (consolidating plaintiff's lawsuits against law firm and individual partner for both pretrial and trial purposes); Azon v. Long Island Railroad, Case No. 00 Civ. 6031 (HB), 2001 U.S. Dist. LEXIS 22154, at *9 (S.D.N.Y. Nov. 26, 2001) (allowing plaintiffs who each filed separate individual lawsuits against the same defendant for employment discrimination to consolidate their actions for pretrial and trial purposes); Algonquin Power Corp., Inc. v. Trafalgar Power, Inc., Case No. 5:00-CV-1246 (NPM/DEP), 2000 U.S. Dist. LEXIS 20331, at *16-17 (S.D.N.Y. Nov. 8, 2000) (allowing plaintiffs who had filed actions against different defendants to consolidate their actions because they involved closely related facts); Smith v. New York City, Case No. 00 Civ. 5273 (PKL), 2000 U.S. Dist. LEXIS 9956, at *7 (S.D.N.Y. July 19, 2000) (granting plaintiff's motion to consolidate separate actions filed against different defendants for alleged civil rights violation in connection with plaintiff's arrest, detention and trial).

Consistent with the above, Plaintiffs should be permitted to consolidate this action against the Hennessee Defendants with the related action *Broad-Bussel I*. First, both actions involve common facts relating to Bayou's fraudulent scheme of luring investors to invest hundreds of millions of dollars in the Bayou Hedge Funds through a series of improper acts and blatant misrepresentations regarding the Funds' financial results. Indeed, both actions directly hinge on whether Bayou committed the allegedly fraudulent underlying acts and

misrepresentations. Likewise, the claims in this action center, in sum, on the Hennessee Defendants' investigation of Israel, Marino and the Bayou entities and thus involve factual and legal issues which are common clearly with those being litigated in *Broad-Bussel I*. Further, by consolidating these actions, vital judicial resources will be conserved and the burden on the relevant parties and witnesses will be reduced, as Plaintiffs fully expect that in both actions they will seek discovery from at least many of the same parties and non-parties.

Finally, the fact that *Broad-Bussel I* is before this Court by virtue of the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407 does not detract from the need for consolidation. In particular, while MDL transferee courts are prohibited generally from transferring cases to themselves for all purposes including trial, Lexicon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), consolidation for pretrial purposes of coordinated discovery will conserve judicial resources and the resources of the parties and non-parties. Moreover, one or more single notices to Class members can be given which apprise fully all Class members as to the circumstances of both cases consistent with Fed. R. Civ. P. 23. Even the trials of both cases could be coordinated, as the parties could either stipulate to this Court presiding over both cases including for purposes of trial, or one or more of the parties could, following remand, move to transfer *Broad-Bussel I* to this Court under 28 U.S.C. § 1404(a). See, e.g., In re Carbon Dioxide Industry Antitrust Litig., 229 F.3d 1321, 1325 (11th Cir. 2000) (holding that transferee court could transfer case to itself where all parties stipulated to such a transfer); Solis v. Lincoln Electric Co., 2006 U.S. Dist. LEXIS 3869, at *18 (N.D. Ohio Feb. 1, 2006) (same); In re Farmers Ins. Exchange Claims Representatives' Overtime Pay Litig., 336 F. Supp. 2d 1077, 1082 n. 6 (D.

8

Or. 2004) ("Nonetheless, if the parties stipulate to trial in the transferee district, the stipulation will be given effect.").

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that this Court grant their Motion to Consolidate in accordance with Fed. R. Civ. P. 42(a) and Southern District of New York Local Rule 15(a).

Dated: March __1__, 2007     Respectfully Submitted,
      New York, NY

Of Counsel:

KOSKOFF, KOSKOFF & BIEDER, P.C.     BERGER & MONTAGUE, P.C.
William M. Bloss, Esq.
Neal A. DeYoung, Esq.
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421     Merrill G. Davidoff, Esq.
Fax: (203) 368-3244     Lawrence J. Lederer, Esq.
    Lane L. Vines, Esq.
    1622 Locust Street
    Philadelphia, PA 19103
    Telephone: (215) 875-3000
    Fax: (215) 875-4604

    Attorneys for Plaintiffs and the Class