UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                              :
IN RE BAYOU HEDGE FUND INVESTMENT    :    06 MD 1755 (CM)
LITIGATION                                   :
                                              :
------------------------------------------------------------- X
THIS DOCUMENT RELATES TO:
------------------------------------------------------------- X
                                              :
BROAD-BUSSEL FAMILY LIMITED          :    No. 07-cv-02026 (CM)
PARTNERSHIP and CAROLINE B. GLASS    :
Individually and on Behalf of All Other       :
Persons and Entities Similarly Situated,      :
                                              :
                  Plaintiffs,                 :
                                              :
         vs.                                  :
                                              :
HENNESSEE GROUP LLC,                  :    DEFENDANTS' ANSWER AND
ELIZABETH LEE HENNESSEE, AND         :    AFFIRMATIVE DEFENSES
CHARLES J. GRADANTE                   :
                                              :
                  Defendants.                 :
_____       :

Defendants Hennessee Group LLC, Charles Gradante and Lee Hennessee, by their attorneys Bressler, Amery & Ross, P.C., answer the Class Action Complaint of plaintiffs Broad-Bussel Family Limited Partnership and Caroline B. Glass as follows:

1.      Deny the allegations of paragraph 1.

2.      Admit that Hennessee Group is an investment advisory firm, that it recommended investments in the Bayou funds to certain of its clients, that it performed due diligence on the Bayou funds and deny the balance of the allegations of paragraph 2.

3.      Admit the allegations of paragraph 3 concerning the existence of press reports, deny knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 3 concerning the amounts invested in the Bayou Hedge Funds and deny the balance of the allegations of paragraph 3.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

6. Admit the allegations of paragraph 6.

7. Admit the allegations of paragraph 7 concerning the Court's January 19, 2007 decision and that Plaintiffs and other class members retained Hennessee Group, deny knowledge or information sufficient to form a belief as to the truth of the allegation as to the purpose Hennessee Group was retained by such clients and answer that the balance of the allegations contained in paragraph 7 constitute legal averments to which no response is required.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegation that "[a]s the fraud began to unravel internally within Bayou in July 2005" and admit the balance of the allegations of paragraph 8.

9. Admit the allegations of paragraph 9 concerning the existence of press reports, deny knowledge or information sufficient to form a belief as to the truth of the contents of such news reports.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Deny the allegations of paragraph 11.

Answer that the allegations contained in paragraph 11 constitute legal averments to which no response is required.

843772_1

12.     Answer that the allegations contained in paragraph 12 constitute legal averments to which no response is required.

13.     Answer that the allegations contained in paragraph 13 constitute legal averments to which no response is required.

14.     Answer that the allegations contained in paragraph 14 constitute legal averments to which no response is required.

15.     Answer that the allegations contained in paragraph 15 constitute legal averments to which no response is required.

16.     Answer that the allegations contained in paragraph 16 constitute legal averments to which no response is required.

17.     Deny any misconduct by the Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's damages and admit the balance of paragraph 17.

18.     Deny any misconduct by the Defendants, deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's damages and admit the balance of paragraph 18.

19.     Deny that the Hennessee Group "funneled tens of millions of dollars to Bayou" and admit the balance of the allegations of paragraph 19.

20.     Deny that Lee Hennessee "touted" anything and admit the balance of the allegations of paragraph 20.

21.     Deny that Gradante "claimed" or "boast[ed]" and admit the balance of the allegations of paragraph 21.

22. Answer that the allegations contained in paragraph 22 constitute legal averments to which no response is required.

23. Answer that the allegations contained in paragraph 23 concerning the Defendants' alleged duties constitute legal averments to which no response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 concerning Plaintiffs' or other investors' alleged reliance upon the Defendants and deny the balance of the allegations of paragraph 23.

24. Admit the allegations of paragraph 24.

25. Admit the allegations of paragraph 25.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Admit that Bayou Securities LLC is a broker-dealer and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 30.

31. Admit the allegations of paragraph 31.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

843772_1

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. Admit the allegations of paragraph 34 except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Israel's sentencing.

35. Admit that Marino was the Chief Financial Officer and Chief Operating Office of Bayou and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 35.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. Answer that the allegations contained in paragraph 37 constitute legal averments to which no response is required.

38. Answer that the allegations concerning the Bayou Defendants being "bound to act in good faith" contained in paragraph 38 constitute legal averments to which no response is required and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 38.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40. Admit that Richmond-Fairfield was represented to be the outside accountant and auditor for Bayou and the Bayou Hedge Funds and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 40.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

843772_1

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45. Admit that Faust Rabbach & Oppenheim was represented to be counsel for Bayou and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 45.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47. Admit that Spear Leads was represented to be the trading agent and clearing firm for Bayou and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 47.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51. Paragraph 51 does not call for a response.

52. Answer that the allegations contained in paragraph 52 constitute legal averments to which no response is required.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58.     Admit that Broad-Bussel initially invested $1,000,000 in the Bayou Superfund and deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

843772_1

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65.     Admit that a July 27, 2005 letter was sent by Israel containing the quoted statement and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 65.

66.     Admit the allegations of paragraph 66 but deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 concerning the falsity of the quoted statement.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67.

68.     Admit the allegations of paragraph 68 but deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 concerning the falsity of the quoted statement.

69.     Admit the allegations of paragraph 69 concerning the fact the letter was sent purportedly by Israel but answer that the allegations contained in paragraph 69 concerning the letter being "materially false and misleading" constitute legal averments to which no response is required.

70.     Admit the allegations of paragraph 70 concerning the existence of such a news report but deny knowledge or information sufficient to form a belief as to the truth of the contents of such news report.

71.     Admit the allegations of paragraph 71 concerning the existence of such a news report but deny knowledge or information sufficient to form a belief as to the truth of the contents of such news report.

72. Admit the allegations of paragraph 72 concerning the existence of such a news report but deny knowledge or information sufficient to form a belief as to the truth of the contents of such news report.

73. Admit the allegations of paragraph 73 concerning the existence of such a news report but deny knowledge or information sufficient to form a belief as to the truth of the contents of such news report.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78. Admit the allegations of paragraph 78 concerning the existence of such a news report but deny knowledge or information sufficient to form a belief as to the truth of the contents of such news report and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 78.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81. Admit the allegations of paragraph 81 concerning the existence of such a news report but deny knowledge or information sufficient to form a belief as to the truth of the contents of such news report and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 81.

82. Admit the allegations of paragraph 82.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85.

86. Admit that the Hennessee Defendants held themselves out as experienced and pioneers in hedge fund consulting and deny the balance of the allegations of paragraph 86.

87. Admit that the Hennessee Group website contains information concerning the Hennessee Group, deny the balance of the allegations of paragraph 87 and refer the Court to the Hennessee Group website itself for its content and import.

88. Admit that the Hennessee Group website contains information concerning the Hennessee Group, deny the balance of the allegations of paragraph 88 and refer the Court to the Hennessee Group website itself for its content and import.

89. Admit that the Hennessee Group website contains information concerning the Hennessee Group, deny the balance of the allegations of paragraph 89 and refer the Court to the Hennessee Group website itself for its content and import.

843772_1

90. Admit that the Hennessee Group website contains information concerning the Hennessee Group, deny the balance of the allegations of paragraph 90 and refer the Court to the Hennessee Group website itself for its content and import.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 91, answer that the allegations contained in paragraph 91 concerning alleged "alter ego" constitute legal averments to which no response is required and deny the balance of the allegations of paragraph 91.

92. Deny the allegations contained in paragraph 92 concerning the uniformity of such Investment Advisory Agreements and answer that the balance of the allegations contained in paragraph 92 constitute legal averments to which no response is required.

93. Answer that the allegations contained in paragraph 93 constitute legal averments to which no response is required.

94. Admit that Hennessee Group made recommendations to certain clients concerning investment in Bayou funds and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 94.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95.

96. Admit that Hennessee Group relayed information provided by the Bayou Funds to certain of its clients and deny the balance of paragraph 96.

97. Admit that Hennessee Group relayed information provided by the Bayou Funds to certain of its clients and deny the balance of paragraph 97.

98. Admit the allegations of paragraph 98 based upon the information that was provided by Bayou.

99. Admit that Hennessee Group provided information to Plaintiffs that had been reported to it by Bayou and deny the balance of the allegations of paragraph 99.

100. Admit that Hennessee Group requested that Bayou send offering documents to certain of its clients and deny the balance of the allegations of paragraph 100.

101. Answer that the allegations contained in paragraph 101 constitute legal averments to which no response is required.

102. Answer that the of the allegations contained in paragraph 102 constitute legal averments to which no response is required.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103.

104. Answer that the of the allegations contained in paragraph 104 constitute legal averments to which no response is required.

105. Answer that the of the allegations contained in paragraph 105 constitute legal averments to which no response is required.

106. Answer that the of the allegations contained in paragraph 106 constitute legal averments to which no response is required.

107. Answer that the of the allegations contained in paragraph 107 constitute legal averments to which no response is required.

108. Answer that the of the allegations contained in paragraph 108 constitute legal averments to which no response is required.

109. Answer that the of the allegations contained in paragraph 109 constitute legal averments to which no response is required.

110. The Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

111.	Paragraph 111 does not call for a response.

112.	Answer that the of the allegations contained in paragraph 112 constitute legal averments to which no response is required.

113.	Answer that the of the allegations contained in paragraph 113 constitute legal averments to which no response is required.

114.	Answer that the of the allegations contained in paragraph 114 constitute legal averments to which no response is required.

115.	Answer that the of the allegations contained in paragraph 115 constitute legal averments to which no response is required.

116.	The Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

117.	Paragraph 117 does not call for a response.

118.	Answer that the allegations of paragraph 118 constitute legal averments to which no response is required.

119.	Answer that the of the allegations contained in paragraph 119 constitute legal averments to which no response is required.

120.	Answer that the of the allegations contained in paragraph 120 constitute legal averments to which no response is required.

121.	Answer that the of the allegations contained in paragraph 121 constitute legal averments to which no response is required.

122.	Answer that the of the allegations contained in paragraph 122 constitute legal averments to which no response is required.

123.	Answer that the of the allegations contained in paragraph 123 constitute legal averments to which no response is required.

843772_1

124. Answer that the of the allegations contained in paragraph 124 constitute legal averments to which no response is required.

125. The Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

126. Paragraph 126 does not call for a response.

127. Answer that the of the allegations contained in paragraph 127 constitute legal averments to which no response is required.

128. Answer that the of the allegations contained in paragraph 128 constitute legal averments to which no response is required.

129. Answer that the of the allegations contained in paragraph 129 constitute legal averments to which no response is required.

130. Answer that the of the allegations contained in paragraph 130 constitute legal averments to which no response is required.

131. Answer that the of the allegations contained in paragraph 131 constitute legal averments to which no response is required.

132. Answer that the of the allegations contained in paragraph 132 constitute legal averments to which no response is required.

133. Answer that the of the allegations contained in paragraph 133 constitute legal averments to which no response is required.

134. Answer that the of the allegations contained in paragraph 134 constitute legal averments to which no response is required.

135. The Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

136. Paragraph 136 does not call for a response.

137.    Admit the allegations of paragraph 137 that Hennessee Group entered into contracts with its clients from financial advisory and relates services and answer that the balance of the allegations contained in paragraph 137 constitute legal averments to which no response is required.

138.    Admit that Hennessee Group recommended certain clients invest in one or more of the Bayou Hedge Funds.

139.    Answer that the of the allegations contained in paragraph 139 constitute legal averments to which no response is required.

140.    Answer that the of the allegations contained in paragraph 140 constitute legal averments to which no response is required.

141.    Answer that the of the allegations contained in paragraph 141 constitute legal averments to which no response is required.

142.    Answer that the of the allegations contained in paragraph 142 constitute legal averments to which no response is required.

143.    The Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

144.    Paragraph 144 does not call for a response.

145.    Answer that the of the allegations contained in paragraph 145 constitute legal averments to which no response is required.

146.    Answer that the of the allegations contained in paragraph 146 constitute legal averments to which no response is required.

147.    Answer that the of the allegations contained in paragraph 147 constitute legal averments to which no response is required.

843772_1

148. Answer that the of the allegations contained in paragraph 148 constitute legal averments to which no response is required.

149. The Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

150. Paragraph 150 does not call for a response.

151. Admit the allegations of paragraph 151 for those clients who entered into in Investment Advisory Agreement with Hennessee Group.

152. Admit the allegations of paragraph 152 for those clients who entered into in Investment Advisory Agreement with Hennessee Group.

153. Answer that the of the allegations contained in paragraph 153 constitute legal averments to which no response is required.

154. Answer that the of the allegations contained in paragraph 154 constitute legal averments to which no response is required.

155. Answer that the of the allegations contained in paragraph 155 constitute legal averments to which no response is required.

156. Answer that the of the allegations contained in paragraph 156 constitute legal averments to which no response is required.

157. Answer that the of the allegations contained in paragraph 157 constitute legal averments to which no response is required.

158. Answer that the of the allegations contained in paragraph 158 constitute legal averments to which no response is required.

159. The Defendants reallege each of the foregoing paragraphs as is fully set forth herein.

160. Paragraph 216 does not call for a response.

161.   Answer that the of the allegations contained in paragraph 161 constitute legal averments to which no response is required.

162.   Admit that Hennessee Group received fees pursuant to the Investment Advisory Agreements between it and its clients and deny the of the allegations contained in paragraph 162.

163.   Answer that the of the allegations contained in paragraph 163 constitute legal averments to which no response is required.

164   Answer that the of the allegations contained in paragraph 164 constitute legal averments to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Class Action Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Class Action Complaint is barred by the doctrines of laches, waiver, ratification and estoppel.

### THIRD AFFIRMATIVE DEFENSE

Defendants acted in good faith and without malice or reckless indifference to Claimants.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs have failed to mitigate any alleged damages and therefore his claim for damages is barred or reduced pro tanto.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' injuries or damages are due to acts or omissions of Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' injuries or damages are due to acts or omissions of third-parties over whom Defendants had no control.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Amended Class Action Complaint are subject to arbitration pursuant to an arbitration agreement entered into between the parties.

## EIGHT AFFIRMATIVE DEFENSE

Whatever damages, if any, that were sustained by Plaintiffs, as alleged in the Amended Class Action Complaint, were caused in whole or in part or were contributed to by the negligence of the Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

Defendants did not breach any duty to Plaintiffs allegedly imposed by operation of law or contract.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to treble damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right, pending completion of their investigation, as well as pre-trial discovery, to assert such additional defenses as may exist.

Dated: April 10, 2007
      New York, New York

                        **BRESSLER, AMERY & ROSS, P.C.**

                        By: _____/S/_____
                            Lawrence E. Fenster (LF 9378)
                            Matthew C. Plant (MP 0328)
                            17 State Street, 34th Floor
                            New York, NY 10004
                            Tel: 212-425-9300
                            Fax: 212-425-9337
                            Attorneys for Defendants

843772_1

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2007, a copy of the *Defendants' Answer And Affirmative Defenses* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                            _____/s/_____
                                                                            Matthew C. Plant (MP 0328)