# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

IN RE BAYOU HEDGE FUNDS INVESTMENT     :     No. 06 MDL 1755 (CM)
LITIGATION                             :
                                       :
------------------------------------------------------- X

THIS DOCUMENT RELATES TO:              :

------------------------------------------------------- X

BROAD-BUSSEL FAMILY LIMITED            :     No. 06 Civ. 3026 (CM)
PARTNERSHIP, ET AL., Individually      :
and on Behalf of All Other Persons and Entities :
Similarly Situated,                    :
                     Plaintiffs,       :
                                       :
          - against -                  :
                                       :
BAYOU GROUP LLC, ET AL.,               :
                     Defendants.       :

------------------------------------------------------- X

BROAD-BUSSEL FAMILY LIMITED            :     No. 07 Civ. 2026 (CM)
PARTNERSHIP, ET AL., Individually      :
and on Behalf of All Other Persons and Entities :
Similarly Situated,                    :
                     Plaintiffs,       :
                                       :
          - against -                  :
                                       :
HENNESSEE GROUP LLC, ET AL.,           :
                     Defendants.       :     ELECTRONICALLY FILED

------------------------------------------------------- X

**DECLARATION OF BROAD-BUSSEL FAMILY LIMITED PARTNERSHIP
IN SUPPORT OF THE BROAD-BUSSEL PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION**

      I, Daniel J. Bussel, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury

under the laws of the United States of America, to the best of my knowledge, information and

belief, as follows:

      1.    I am the Secretary and a principal of Broad-Bussel Enterprises Inc., the sole

general partner of Broad-Bussel Family Limited Partnership ("Broad-Bussel Family"), one of the

named representative class action plaintiffs in the above litigations, Nos. 06 Civ. 3026 (CM) and

07 Civ. 2026 (CM). I am authorized to make this Declaration on behalf of Broad-Bussel Family,

which is among the original plaintiffs that brought this litigation.

2.     Broad-Bussel Family submits this Declaration in support of the Motion for Class

Certification filed by plaintiffs Broad-Bussel Family, Caroline B. Glass, Marie-Louise

Michelsohn, Michelle Michelsohn and Herbert Blaine Lawson, Jr. (collectively, the "Broad-

Bussel Plaintiffs" or "Plaintiffs").

3.     Plaintiffs' Motion for Class Certification seeks to certify a class consisting of all

similarly situated investors who purchased or maintained investment interests in one or more of

the Bayou family of hedge funds (the "Bayou Hedge Funds") during the period between

December 31, 1996 and August 25, 2005 (the "Class Period"), and were damaged thereby (the

"Class"). The Bayou Hedge Funds include Bayou Superfund, LLC, Bayou No Leverage Fund,

LLC, Bayou Affiliates Fund, LLC, Bayou Accredited Fund, LLC, Bayou Offshore Fund, LLC,

and Bayou Fund, LLC.

4.     Plaintiffs' Motion for Class Certification also seeks to certify a subclass on behalf

of all members of the Class who, during the Class Period, were advised to invest in the Bayou

Hedge Funds pursuant to an investment advisory relationship with the Hennessee Group LLC,

and suffered damages thereby (the "Hennessee Subclass").

5.     During the Class Period, Broad-Bussel Family invested $1,250,000 in the Bayou

Superfund. A copy of the standard Bayou Subscription Documents that Broad-Bussel Family

executed in order to invest in Bayou is attached as Exhibit I to the Compendium of Documents in

Support of the Broad-Bussel Plaintiffs' Motion for Class Certification ("Compendium"), filed

2

contemporaneously herewith. As part of the subscription, Bayou provided to Broad-Bussel

Family the Amended and Restated Operating Agreement of Bayou Superfund LLC, a copy of

which is attached as Exhibit K to the Compendium.

6.      Broad-Bussel Family was advised to so invest in the Bayou Hedge Funds pursuant

an investment advisory relationship with the Hennessee Group LLC. A copy of the standard

Hennessee investment advisory agreement that Broad-Bussel Family entered into is attached as

Exhibit M to the Compendium.

7.      In July 2005, Bayou sent Broad-Bussel Family a form letter that abruptly

announced that the Bayou Hedge Funds would be closed at the end of July 2005. During the

next couple of weeks, Bayou sent additional letters discussing the status of winding up the Bayou

Hedge Funds and promising to return promptly all funds to the respective Bayou investors.

However, since the public collapse of the Bayou Hedge Funds in August 2005, Broad-Bussel

Family has not received back any of its Bayou investment from the Bayou defendants or

otherwise.

8.      On May 30, 2006, most all of the Bayou related entities filed for protection under

the federal bankruptcy laws. That litigation is docketed in jointly administered proceedings as In

re Bayou Group, LLC, et al., Chapter 11, Case No. 06-22306 (ASH) (Bankr. S.D.N.Y.). An

excerpt of Broad-Bussel Family's Bayou bankruptcy proof of claim is included in Exhibit H to

the Compendium (downloaded from the Bayou bankruptcy claims administrator's website at

<<http://www.trumbullgroup.com>>).

9.      Although touted and sold as legitimate investment vehicles, the Bayou Hedge

Funds were almost since their inception in 1996 actually being operated as a single massive

3

financial sham and Ponzi scheme, with defendant Samuel Israel, III acting as Bayou's CEO and Chief Investment Officer and defendant Daniel Marino as its CFO. Specifically, Israel and Marino, along with defendant James Marquez, fraudulently lured investors during the Class Period to invest and maintain hundreds of millions of dollars in Bayou, through a scheme of improper acts and continuing misrepresentations and omissions regarding Bayou's business practices and financial results, operations and condition. Misstatements about Bayou were made to members of the Class via weekly newsletters, monthly reports, quarterly reports, annual reports and investor conference calls — all of which portrayed that Bayou was being operated properly and in accordance with the law. These and many other of the allegations have effectively been admitted as evidenced by defendants' own admissions and statements. Attached as Exhibits D, E, F, G and N are copies of defendant Marino's self-titled "confession and suicide note", the court transcripts in which defendants Israel, Marino and Marquez entered guilty pleas in connection with the Bayou fraud, and the Bayou debtors' Chapter 11 Disclosure Statement filed in the Bayou bankruptcy proceedings.

10. Broad-Bussel Family, and presumably other similar investor clients, were wrongfully advised by defendants Hennessee Group LLC and its principals, defendants Elizabeth Lee Hennessee and Charles Gradante (collectively, the "Hennessee Defendants"), to invest in the Bayou Hedge Funds. The Hennessee Defendants had duties and obligations to be truthful with and render competently investment advisory services to Broad-Bussel Family and the other Class investor clients who retained the Hennessee Defendants expressly to render such investment advisory services. Among other things, those duties required the Hennessee Defendants to conduct proper due diligence and monitoring of the investments they recommended to Broad-

4

Bussel Family and their other similarly situated client investors. However, the Hennessee Defendants failed to perform their obligations, ignoring or failing to uncover numerous red flags with regard to the Bayou Hedge Funds which should have been properly investigated and timely reported to plaintiff Broad-Bussel Family and the other Hennessee Subclass investors.

11.    It was, however, simply not possible for the Bayou fraud to have been accomplished without the active and substantial participation -- and gross negligence -- of other third parties who facilitated the Bayou fraud through their own acts and omissions, including: Bayou's banker, Citibank, N.A.; Bayou's lawyers, Steven D. Oppenheim and his firm Faust Rabbach & Oppenheim LLP; and other Bayou-related persons including Jeffrey Fotta and his companies Eqyty Research and Management, LLC and Eqyty Research and Management, LTD.

12.    The reality of the Broad-Bussel Family's situation is that it, like presumably numerous other Bayou investors, has lost a significant amount of money as a result of defendants' alleged misconduct. Broad-Bussel Family believes that allowing this litigation to proceed as a class action will afford all Bayou investors the most efficient and cost-effective mechanism in order to pursue a fair and just recovery for the damages they have sustained as a result of the Bayou fraud and the misconduct of the Hennessee Defendants.

13.    For these reasons, Broad-Bussel Family supports certification of the proposed Class and Hennessee Subclass in this litigation. Broad-Bussel Family is willing to serve as a representative of the Class and the Hennessee Subclass in seeking the monetary and other relief requested by the operative complaints. Further, Broad-Bussel Family understands that if certified as a representative of the Class and Hennessee Subclass, its responsibilities generally are to act on behalf, and for the benefit, of the Class and Hennessee Subclass, and to direct and oversee the

prosecution of this litigation by its counsel, Berger & Montague, P.C. and affiliated counsel

Koskoff, Koskoff & Bieder, P.C.


I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.


Dated: July 14, 2007

Daniel J. Bussel

*On Behalf of Plaintiff*
*Broad-Bussel Family Limited Partnership*

6