# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
IN RE BAYOU HEDGE FUNDS INVESTMENT  :   No. 06 MDL 1755 (CM)
LITIGATION                                                                  :
------------------------------------------------------------- X
THIS DOCUMENT RELATES TO:
------------------------------------------------------------- X
BROAD-BUSSEL FAMILY LIMITED                      :   No. 06 Civ. 3026 (CM)
PARTNERSHIP, ET AL., Individually                    :
and on Behalf of All Other Persons and Entities  :
Similarly Situated,                                                :
            Plaintiffs,                                    :
                                                                            :
    - against -                                                    :
                                                                            :
BAYOU GROUP LLC, ET AL.,                              :
            Defendants.                               :
------------------------------------------------------------- X
BROAD-BUSSEL FAMILY LIMITED                      :   No. 07 Civ. 2026 (CM)
PARTNERSHIP, ET AL., Individually                    :
and on Behalf of All Other Persons and Entities  :
Similarly Situated,                                                :
            Plaintiffs,                                    :
                                                                            :
    - against -                                                    :
                                                                            :
HENNESSEE GROUP LLC, ET AL.,                   :
            Defendants.                               :   ELECTRONICALLY FILED
------------------------------------------------------------- X

### DECLARATION OF CAROLINE B. GLASS IN SUPPORT OF THE BROAD-BUSSEL PLAINTIFFS' <u>MOTION FOR CLASS CERTIFICATION</u>

      I, Caroline B. Glass, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, to the best of my knowledge, information and belief, as follows:

      1.    I am one of the named representative class action plaintiffs in the above litigation, No. 07 Civ. 2026 (CM).

2. I submit this Declaration in support of the Motion for Class Certification filed by plaintiffs Broad-Bussel Family, Caroline B. Glass, Marie-Louise Michelsohn, Michelle Michelsohn and Herbert Blaine Lawson, Jr. (collectively, the "Broad-Bussel Plaintiffs" or "Plaintiffs").

3. Plaintiffs' Motion for Class Certification seeks to certify a class consisting of all similarly situated investors who purchased or maintained investment interests in one or more of the Bayou family of hedge funds (the "Bayou Hedge Funds") during the period between December 31, 1996 and August 25, 2005 (the "Class Period"), and were damaged thereby (the "Class"). The Bayou Hedge Funds include Bayou Super Fund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, Bayou Accredited Fund, LLC, Bayou Offshore Fund, LLC, and Bayou Fund, LLC.

4. Plaintiffs' Motion for Class Certification also seeks to certify a subclass on behalf of all members of the Class who, during the Class Period, were advised to invest in the Bayou Hedge Funds pursuant to an investment advisory relationship with the Hennessee Group LLC, and suffered damages thereby (the "Hennessee Subclass").

5. During the Class Period, I invested a net amount of $1,140,000 in the Bayou Accredited Fund. A copy of the standard Bayou Subscription Documents that I executed in order to invest in Bayou is attached as Exhibit I to the Compendium of Documents in Support of the Broad-Bussel Plaintiffs' Motion for Class Certification ("Compendium"), filed contemporaneously herewith. As part of the subscription, Bayou provided to me the Amended and Restated Operating Agreement of Bayou Accredited LLC, a copy of which is attached as Exhibit J to the Compendium.

6. I was advised to so invest in the Bayou Hedge Funds pursuant an investment advisory relationship with the Hennessee Group LLC. A copy of the standard Hennessee investment advisory agreement that I entered into is attached as Exhibit M to the Compendium.

7. In July 2005, Bayou sent to me a form letter that abruptly announced that the Bayou Hedge Funds would be closed at the end of July 2005. During the next couple of weeks, Bayou sent additional letters discussing the status of winding up the Bayou Hedge Funds and promising to return promptly all funds to the respective Bayou investors. However, since the public collapse of the Bayou Hedge Funds in August 2005, I have not received back any of my Bayou investment from the Bayou defendants or otherwise.

8. On May 30, 2006, most all of the Bayou related entities filed for protection under the federal bankruptcy laws. That litigation is docketed in jointly administered proceedings as In re Bayou Group, LLC, et al., Chapter 11, Case No. 06-22306 (ASH) (Bankr. S.D.N.Y.). An excerpt of my Bayou bankruptcy proof of claim is included in Exhibit H to the Compendium (downloaded from the Bayou bankruptcy claims administrator's website at <<http://www.trumbullgroup.com>>).

9. Although touted and sold as legitimate investment vehicles, the Bayou Hedge Funds were almost since their inception in 1996 actually being operated as a single massive financial sham and Ponzi scheme, with defendant Samuel Israel, III acting as Bayou's CEO and Chief Investment Officer and defendant Daniel Marino as its CFO. Specifically, Israel and Marino, along with defendant James Marquez, fraudulently lured investors during the Class Period to invest and maintain hundreds of millions of dollars in Bayou, through a scheme of improper acts and continuing misrepresentations and omissions regarding Bayou's business

3

practices and financial results, operations and condition. Misstatements about Bayou were made to members of the Class via weekly newsletters, monthly reports, quarterly reports, annual reports and investor conference calls -- all of which portrayed that Bayou was being operated properly and in accordance with the law. These and many other of the allegations have effectively been admitted as evidenced by defendants' own admissions and statements. Attached as Exhibits D, E, F, G and N are copies of defendant Marino's self-titled "confession and suicide note", the court transcripts in which defendants Israel, Marino and Marquez entered guilty pleas in connection with the Bayou fraud, and the Bayou debtors' Chapter 11 Disclosure Statement filed in the Bayou bankruptcy proceedings.

10.  I, and presumably other similar investor clients, were wrongfully advised by defendants Hennessee Group LLC and its principals, defendants Elizabeth Lee Hennessee and Charles Gradante (collectively, the "Hennessee Defendants"), to invest in the Bayou Hedge Funds. The Hennessee Defendants had duties and obligations to be truthful with and render competently investment advisory services to me and the other Class investor clients who retained the Hennessee Defendants expressly to render such investment advisory services. Among other things, those duties required the Hennessee Defendants to conduct proper due diligence and monitoring of the investments they recommended to me and their other similarly situated client investors. However, the Hennessee Defendants failed to perform their obligations, ignoring or failing to uncover numerous red flags with regard to the Bayou Hedge Funds which should have been properly investigated and timely reported to me and the other Hennessee Subclass investors.

11.  It was, however, simply not possible for the Bayou fraud to have been accomplished without the active and substantial participation -- and gross negligence -- of other

4

third parties who facilitated the Bayou fraud through their own acts and omissions, including: Bayou's banker, Citibank, N.A.; Bayou's lawyers, Steven D. Oppenheim and his firm Faust Rabbach & Oppenheim LLP; and other Bayou-related persons including Jeffrey Fotta and his companies Eqyty Research and Management, LLC and Eqyty Research and Management, LTD.

12. The reality of my situation is that I, like presumably numerous other Bayou investors, have lost a significant amount of money as a result of defendants' alleged misconduct. I believe that allowing this litigation to proceed as a class action will afford all Bayou investors the most efficient and cost-effective mechanism in order to pursue a fair and just recovery for the damages they have sustained as a result of the Bayou fraud and the misconduct of the Hennessee Defendants.

13. For these reasons, I support certification of the proposed Class and Hennessee Subclass in this litigation. I am willing to serve as a representative of the proposed Class and the Hennessee Subclass in seeking the monetary and other relief requested by the operative complaints. Further, I understand that if certified as a representative of the Class and Hennessee Subclass, my responsibilities generally are to act on behalf, and for the benefit, of the Class and Hennessee Subclass, and to direct and oversee the prosecution of this litigation by my counsel, Berger & Montague, P.C. and affiliated counsel Koskoff, Koskoff & Bieder, P.C.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: July 14, 2007

_Caroline B. Glass_
Caroline B. Glass

5