UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

IN RE BAYOU HEDGE FUND                  06 MDL 1755 (CM)
INVESTMENT LITIGATION
_____x

THIS DOCUMENT RELATES TO:
_____x

BROAD-BUSSEL FAMILY LIMITED             06 CV 3026 (CM)(MDF)
PARTNERSHIP, MARIA LOUISE               07 CV 2026 (CM)(MDF)
MICHELSOHN, MICHELLE MICHELSOHN,
and HERBERT BLAINE LAWSON, JR.,
individually and on behalf of all other persons
and entities similarly situated,

        Plaintiffs,

   -against-

BAYOU GROUP LLC, et al.,

        Defendants.
_____x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/08

MEMORANDUM ORDER DISPOSING OF MOTION FOR RECONSIDERATION
OR CLARIFICATION OF THE COURT'S ORDER OF JANUARY 24, 2008

McMahon, J.

    Last Friday afternoon, I received a motion from class counsel seeking "reconsideration" or "clarification" of the Court's January 24, 2008 Order.

    In the January 24 Order, I did two things. First, I dismissed as improvidently filed the motion to certify a class against the Bayou Defendants (a term that I define no differently than Class Plaintiffs do at page 3 of the Motion for Reconsideration), because of the pending bankruptcy proceeding involving them. Second, I denied the motion to certify a subclass against the "Hennessee Defendants" – the Hennessee firm and the two individuals associated therewith (Elizabeth Lee Hennessee and Charles Gradante).

    I did not consider that the motion was addressed to any defendant who had already been dismissed from the action, and so did not discuss the propriety of certifying a class as against Citibank, Faust Rabbach & Oppenheim LLP or Steven D. Oppenheim.

I neither certified nor declined to certify a class in connection with the allegations against the Fotta/Eqyty Defendants, who are the only other parties defendant in the Broad-Brussel cases.[1] Frankly, I overlooked them. Given what was, and was not, in the moving papers, that was easy to do.

The entirety of plaintiffs' argument in favor of class certification focused on the commonality of claims that Bayou investors could bring against the Bayou Defendants, and that a subset of investors could bring Hennessee Defendants. There is a great deal of discussion about the nature of those claims, especially the claims against the Bayou Defendants. The moving brief contains *not one word of analysis about the claims against the Fotta/Eqyty Defendants,* or any explanation of why the claims asserted against them are ripe for classwide determination. Indeed, they are mentioned just once in the moving brief – as having "allegedly" provided research to Bayou – in a list of so-called aider and abettor defendants, most of whom had been dismissed from the case months earlier. (See page 4 of the Moving Brief)

I might have turned my attention to the claims against these defendants if I had seen their September 28, 2007 Memorandum supporting class certification. Unfortunately, I did not receive a courtesy copy of that Memorandum. As I have told counsel repeatedly, if I do not get a courtesy copy, the paper does not exist for me; I do not scour the electronic case file looking for random documents that relate to pending motions. Now that my attention has been called to this document, I have printed it out. All it does is ask the court to certify a class so that a settlement can be effectuated. That does not help me decide the motion for class certification on the merits.

To fill in the huge gap in plaintiff's moving papers, I have today gone back over the Amended Class Complaint. It alleges that Fotta was a Principal and Member of the Bayou Group and that his firm Eqyty Research and Management LLC received $700,000 from Bayou Securities between 2003-2005, allegedly for "research on stocks." The Amended Complaint further alleges that the Bayou Defendants halted all stock trading in about April 2004. The Amended Complaint alleges that the Fotta/Eqyty Defendants participated in the Bayou Defendants' misappropriation of class member assets though their receipt of these funds.

The claims against the Fotta/Eqyty Defendants may well be ripe for class treatment. But had I focused on an application to certify a class in connection with the claims against the Fotta/Eqyty Defendants, I would have denied class certification on the ground that plaintiffs utterly failed to demonstrate that there were questions common to the entire class inherent in the claims against those defendants. To the extent that these defendants may have participated in the Bayou debacle, it was only during the last two years of the class period, so it would not be appropriate to certify a class as against them going back to 1996. Yet no subclass was proposed as to the Fotta/Eqyty Defendants. Furthermore, it is not clear whether the claims against them relate only to the period after Bayou halted trading in equity securities, or whether the claims also extend to research services performed while Bayou was still trading in stocks. There was no discussion of

---

[1] Although originally named as a defendant, Sterling Stamos Capital Management, L.P., disappeared from the caption before the case was transferred to this court by the Multi-District Panel.

these defendants, and no effort made to differentiate them from the Bayou Defendants. There is absolutely no way that I could or would have certified any class on the record before me.

By this order, I am denying the motion to certify a class against the Fotta/Eqyty Defendants without prejudice to the renewal of such motion on a proper record – one that discusses the claims against *those* defendants, not the claims against the Bayou Defendants. If that showing comes in connection with a motion to approve a settlement, so be it.

There is one more thing that apparently needs to be clarified. After receiving Friday's communication from Class Counsel, I reviewed the 2006 and 2007 orders dismissing the Citibank, Faust Rabbach & Oppenheim LLP and Stephen D. Oppenheim, because I did not recall that I had dismissed those defendants "without prejudice," as asserted by Class Counsel in the Motion for Reconsideration. (No such assertion was made in the footnote at page 4 of the Moving Brief on the Motion for Class Certification). My memory is correct. The dismissals were not "without prejudice." The claims against these defendants were dismissed on the merits, in extensive decisions that analyzed the allegations against those defendants and concluded that plaintiff had failed to state a claim for relief as a matter of law. Such dismissals are decidedly "with prejudice" and no one reading those decisions could possibly think otherwise.

I trust that this "clarifies" matters for Class Counsel.

I thank Class Counsel for pointing out that the January 24, 2008 Order was not docketed in 07 Civ. 2026 as well as in 06 Civ. 3026. That was my fault; I neglected to put both docket numbers next to the caption. We will redress that error today.

This disposes of the motion for reconsideration or clarification. The Clerk of the Court should mark the motion "decided" and remove it from my motion report.

Dated: New York, New York
February 11, 2008

_____
U.S.D.J.

BY ECF TO ALL COUNSEL